

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

**THOMAS G. BRUTON**
**CLERK**

312-435-6860

August 23, 2021

Jason R. Epstein
Law Office of Jason Epstein
180 N. LaSalle
Ste. 3700
Chicago, IL 60601
krime@kriminaldefense.com

Amy E. Lauricella
Drinker Biddle & Reath LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606
amy.lauricella@dbr.com

Alan S. King
Riley Safer Holmes
  & Cancila LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
aking@rshc-law.com

Noreen H Cull
Faegre Drinker Biddle
  & Reath LLP
191 North Wacker Drive
Suite 3700
Chicago, IL 60606
noreen.cull@faegredrinker.com

> **In re:  *Ridel Padron v. Wal-Mart Stores, Inc.***
> **Case No. 12-cv-08089**

Dear Counsel:

I have been contacted by Judge Andrea R. Wood, who presided over the above-referenced case from November 18, 2013 to March 31, 2017.

Judge Wood has informed me that it has been brought to her attention that while she presided over this case she or her spouse owned stock in Wal-Mart Stores, Inc. Judge Wood no longer had any financial interest in Wal-Mart Stores, Inc. after November 4, 2016, and her financial interest neither affected nor impacted her decisions in the case. However, the stock ownership would have required recusal under the Code of Conduct for United States Judges. Thus, Judge Wood directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing grounds for disqualification that are not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained that "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      With Advisory Opinion 71 in mind, you are invited to respond to Judge Wood's disclosure of a conflict. Should you wish to respond, please submit your response on or before **September 23, 2021**. Any response will be considered by another judge of this court without the participation of Judge Wood.

Sincerely,

Clerk of Court